Arnold L. Graff (SBN 269170)
agraff@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for
Wells Fargo Bank, NA servicing agent for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-8

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>EDWARD JOHN VIERRA AND MICHELE MARIE VIERRA,<br><br>Debtors. | Case No. 13-46676<br><br>Chapter 13<br><br>R.S. No. ALG-337<br><br>**DECLARATION OF** William Mcdowell **IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: October 28, 2016<br>Time: 10:00 a.m.<br>Place: 215<br>      1300 Clay Street<br>      Oakland, CA 94612 |

I, William Mcdowell, declare under penalty of perjury as follows:

1.    I am a/an Vice President Loan Documentation of Wells Fargo Bank, N.A. ("Wells Fargo") and am authorized to sign this declaration on behalf of Wells Fargo Bank, NA servicing agent for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities

-1-      CASE No. 13-46676
**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

*****$4,299.75** of the this amount is the deferred principal balance and the borrower does not pay interest or make monthly payments on this amount.

1. Corporation, Mortgage Pass- Through Certificates, Series 2007-8. This declaration is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2. As part of my job responsibilities for Wells Fargo, I have personal knowledge of and am familiar with the types of records maintained by Wells Fargo in connection with the account that is the subject of the Motion (the "Account") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Wells Fargo that pertain to the Account and extensions of credit given to the Debtors concerning the property securing such Account.

3. The information in this declaration is taken from Wells Fargo's business records regarding the Account. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (b) kept in the course of Wells Fargo's regularly conducted business activities. It is the regular practice of Wells Fargo to create and maintain such records.

4. Edward J. Vierra has executed and delivered or is otherwise obligated with respect to the attached promissory note (the "Debt Agreement"). Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. Pursuant to the attached Deed of Trust (the "Security Instrument"), all obligations of the Debtor(s) under and with respect to the Debt Agreement and the Security Instrument are secured by the property referenced in the Motion. Pursuant to the attached assignment of the Security Instrument, the Security Instrument has been assigned to HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass- Through Certificates, Series 2007-8.

-2- CASE NO. 13-46676
DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

*$4,299.75 of the this amount is the deferred principal balance and the borrower does not pay interest or make monthly payments on this amount.

Case: 13-46676    Doc# 43-2    Filed: 10/11/16    Entered: 10/11/16 12:15:30    Page 2 of 4

5. As of September 27, 2016, there are one or more defaults in paying post-petition amounts due with respect to the Debt Agreement.

6. As of September 27, 2016, the unpaid principal balance of the Debt Agreement is $436,199.30*.

/././

7. The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt Agreement, that have been missed by the Debtors as of September 27, 2016:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 4 | 8/1/2015 | 11/1/2015 | $2,204.49 | $300.05 | $2,504.54 | $10,018.16 |
| 6 | 12/1/2015 | 5/1/2016 | $2,204.49 | $316.13 | $2,520.62 | $15,123.72 |
| 4 | 6/1/2016 | 9/1/2016 | $2,204.49 | $331.56 | $2,536.05 | $10,144.20 |
| Less post-petition partial payments (suspense balance): | | | | | | ($0.00) |

**Total: $35,286.08**

8. As of September 27, 2016 the total post-petition arrearage/delinquency and amount necessary to cure the post-petition default alleged in the Motion is $35,286.08, consisting of (i) the foregoing total of missed post-petition payments in the amount of $35,286.08, plus (ii) the following post-petition fees:[1]

| Description | Amount |
|---|---|
| NA | $0.00 |

---

[1] The total of missed post-petition payments for this impounded loan include any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, post-petition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, Wells Fargo will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly.

-3- CASE NO. 13-46676
**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

**\*$4,299.75** of the this amount is the deferred principal balance and the borrower does not pay interest or make monthly payments on this amount.

9. The timing and/or amount of Debtors payments changed because an escrow adjustment and/or interest rate adjustment. Wells Fargo caused written notice of this changed amount to be provided to the debtor.

10. The following documents are attached as exhibits and incorporated herein by reference:

    (a) Attached hereto as Exhibit <u>A</u> is a true and correct copy of the Debt Agreement.

    (b) Attached hereto as Exhibit <u>B</u> is a true and correct copy of the Security Instrument.

    (c) Attached hereto as Exhibit <u>C</u> is a true and correct copy of the assignment of the Security Instrument.

    (d) Attached hereto as Exhibit <u>D</u> is a complete post-petition payment history.

    (e) Attached hereto as Exhibit <u>E</u> is an addendum listing all fees and charges assessed to the account of the Debtors post-petition.

    (f) Attached hereto as Exhibit <u>F</u> is an addendum listing all post-petition taxes and insurance advances.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of September, 2016.

*/s/ William Mcdowell*
William Mcdowell
Vice President Loan Documentation
Wells Fargo Bank, NA servicing agent for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-8

-4-      CASE NO. 13-46676
**DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

*$4,299.75 of the this amount is the deferred principal balance and the borrower does not pay interest or make monthly payments on this amount.